UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                              )
RBC DAIN RAUSCHER INC.,                      )
                                                              )    No. C06-0481L
                              Plaintiff,             )
          v.                                             )
                                                              )    TEMPORARY RESTRAINING ORDER
STEVEN L. ALVORD and D.A. DAVIDSON )
& COMPANY,                                         )
                                                              )
                              Defendants.        )
_____)

       This matter having come before the Court on plaintiff's "Verified Complaint" (Dkt. # 1) and the *ex parte* "Motion for Temporary Restraining Order, Order to Appear and Show Cause Why Preliminary Injunction Should not Issue, Preliminary Injunction" (Dkt. # 2). Upon consideration of the record in this matter, the Court finds as follows:

       1. Under Rule 10335 of the National Association of Securities Dealers Code of Arbitration Procedure, RBC Dain has the express right to seek temporary injunctive relief from a court of competent jurisdiction pending an arbitration hearing before a panel of duly-appointed arbitrators. Authority to grant such relief is conferred on this Court pursuant to Fed. R. Civ. P. 65.

       2. RBC Dain has demonstrated a substantial likelihood of success on the merits of at least one of its claims against both defendants.

       3. The rights of RBC Dain with respect to its property, proprietary and confidential

TEMPORARY RESTRAINING ORDER

information, competitive interests, and employment agreements with Alvord are being and will continue to be violated by defendants unless they are restrained therefrom.

4.  RBC Dain will suffer immediate and irreparable harm and loss if Alvord and D.A. Davidson & Company are permitted to (a) misappropriate the property of RBC Dain to their own use and benefit, or (b) solicit RBC Dain accounts, clients, and customers.

5.  RBC Dain has no adequate remedy at law.

6.  Greater injury will be inflicted upon RBC Dain by the denial of temporary injunctive relief than would be inflicted upon defendants by the granting of such relief.

7.  Defendants have received notice of RBC Dain's verified complaint and motion and have filed an "abbreviated memorandum in opposition." Dkt. # 5.  The Court has considered defendants' arguments and finds that the issuance of a temporary restraining order is necessary to protect RBC Dain from the irreparable harm that would result from any improper use of RBC Dain's proprietary information between the signing of this Order and the date on which defendants could be fully heard in opposition.

**IT IS HEREBY ORDERED AND DECREED THAT:**

1.  A Temporary Restraining Order issue immediately and that security in the amount of $25,000.00 be posted by plaintiff no later than April 10, 2006.

2.  Defendants are enjoined and restrained, directly or indirectly, and whether alone or in concert with others, including any officer, agent, representative, and/or employee of Alvord's new employer, D.A. Davidson & Company, until hearing and thereafter until further Order of the Court from:

    a. initiating any further contact or communication with any client of RBC Dain whom Alvord served or whose name became known to Alvord while in the employ of RBC Dain either for the purpose of advising said clients of his new affiliation or for the purpose of inviting, encouraging, or requesting the transfer of any accounts or business from RBC Dain (excluding members of Alvord's immediate family);

        b. accepting any business, including account transfers or the opening of new accounts, from any clients with whom Alvord had any dealings whatsoever during his term of employment with RBC Dain (excluding members of Alvord's immediate family);

        c. using, disclosing, or transmitting, for any purpose, information contained in the records of RBC Dain or concerning its customers, including for purposes of soliciting or accepting business or account transfers from any RBC Dain customer formerly serviced by Alvord.

    3. Defendants, and anyone acting in concert or participation with defendants who receives actual notice of this Order, including any agent, employee, officer, or representative of D.A. Davidson & Company, are further ordered to return to RBC Dain's Bellingham, Washington, office any and all records, documents, and/or information pertaining to RBC Dain customers, whether in original, copied, computerized, handwritten, or any other form, and to purge any such information that is not capable of being physically relinquished to RBC Dain from their possession, custody, or control within twenty four (24) hours of service of this Order upon defendants or their legal counsel.

    4. This Order shall remain in full force and effect until such time as the Court specifically orders otherwise.

    5. The parties are granted leave to commence discovery, including depositions, immediately in aid of preliminary injunction proceedings before the Court.

    6. Pending a preliminary injunction hearing before the Court, and pursuant to the requirements of sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3 and 4, the parties are directed to proceed expeditiously with an arbitration pursuant to Rule 10335 of the National Association of Securities Dealers Code of Arbitration Procedure.

    7. Defendants shall show cause before the Honorable Robert S. Lasnik on April 20, 2006, at 1:30 p.m. in Courtroom 15106 of the United States Courthouse, 700 Stewart Avenue, Seattle, Washington, why a Preliminary Injunction should not be ordered according to the terms

TEMPORARY RESTRAINING ORDER         -3-

and conditions set forth above. Defendants may file and serve a full written response to RBC Dain's verified complaint and motion no later than 4:30 p.m. on April 13, 2006. RBC Dain may file and serve a written reply no later than 3:00 p.m. on April 19, 2006.

DATED this 6th day of April, 2006, at 1:00 p.m.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge